Beth L. Kaufman
Silvia S. Larizza
SCHOEMAN UPDIKE & KAUFMAN LLP
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
*Attorneys for Defendants*
*Sodexo, Inc. SDH Services West, LLC and David Morales*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELOI SANTANA,

        Plaintiff,

        v.

SODEXO, INC., SDH SERVICES WEST, LLC
and DAVID MORALES

        Defendants.
-------------------------------------------------------------X

Case No. 1:22-cv-1598

**NOTICE OF REMOVAL**

      Defendants Sodexo, Inc. ("Sodexo"), SDH Services West, LLC ("SDH") and David Morales ("Morales), referred to together as "Defendants," hereby give notice of their removal to this Court pursuant to 28 U.S.C. § 1441, et seq., of this action, pending in the Supreme Court of New York, County of New York. In support of removal, Defendants state as follows:

      1.    Plaintiff Eloi Santana ("Plaintiff") commenced a civil action against Defendants, entitled *Eloi Santana v. Sodexo, Inc., SDH Services West, LLC and David Morales,* Index No. 161444/2021 in the Supreme Court of New York, New York County on December 22, 2021 (the "Summons and Complaint," and the Complaint is referred to separately as the "Complaint"), copies of which are annexed hereto as Exhibit A.

2. Plaintiff and Defendants have acknowledged that service of the Summons and Complaint was made as of February 21, 2022. A copy of the stipulation in which the parties agreed to that date of service is annexed hereto as Exhibit B.

3. As alleged in the Complaint, Plaintiff is a resident of the State of New York. As further alleged in the Complaint, Sodexo is a foreign corporation organized under the laws of the State of Delaware, and, as shown in the declaration of J. Victor Waye, dated February 24, 2022, it maintains its principal places of business in the State of Maryland. *See,* Exhibit C annexed hereto. SDH is a foreign Limited Liability Company, formed under the laws of the State of Delaware, which maintains its principal place of business in the State of Maryland. *Id.*[1] Although the Complaint alleges that defendant David Morales is a resident of the State of New York, he is now and was at the time of filing of the Summons and Complaint, and at the time of the acknowledgement of service, in fact a resident of the State of Jersey. *See,* Exhibit D annexed hereto, the Declaration of David Morales dated February 24, 2022. Complete diversity of citizenship therefore exists.

4. Although the Complaint does not allege a dollar amount for the damages claimed by Plaintiff in the action, even a conservative estimate of the damages establishes that the amount in controversy exceeds $75,000. Plaintiff seeks damages for lost wages and alleges that he earned $18 per hour. As shown in Exhibit E, he worked a minimum of 35 hours each week. The period for which he would seek back

---

[1] Sodexo, the parent corporation of SDH, was not plaintiff's employer and therefore not properly named in this action.

pay (running from the date of the termination of his employment (October 13, 2021) through the date of the filing of the Summons and Complaint (December 22, 2021)) totals 10 weeks, and the damages sought would be, at a minimum, $6,300 ($18 x35x10). Assuming, again conservatively, that the action will be concluded within 12 months of its filing (i.e., by December 22, 2022), the amount in controversy for front pay would be at least $32,760 ($18x35x52). The combination of the two, results in a lost wages claim of at least $39,060.

5. The Complaint also alleges that Plaintiff suffered and seeks monetary damages for "severe" emotional distress. Damages for "garden variety" emotional distress can be as high as $125,000 or $150,000 in this Circuit (*see, Lore v. City of Syracuse*, 670 F.3d 127, 177 (2d Cir. 2012), followed in this District in *Saber v. N.Y. State Dep't of Fin. Servs.*, No. 15 Civ. 5944, 2018 WL 3491695 at *12 (S.D.N.Y. July 20, 2018). Given, this the amount in controversy clearly exceeds $75,000.

6. This action, therefore, is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. A copy of this Notice of the filing of a Notice of Removal will be filed promptly with the clerk of the Supreme Court of New York, New York County, and will be served promptly on Plaintiff. *See* 28 U.S.C. § 1446(d).

6. Defendants reserve the right to amend or supplement this notice.

WHEREFORE, Defendants respectfully remove this action from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: New York, New York
February 25, 2022

Respectfully submitted,

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP

By: *[signature]*
Beth L. Kaufman
Silvia S. Larizza
551 Fifth Avenue
New York, NY 10176
Telephone: (212) 661-5030
Facsimile: (212) 687-2123
E-mail: bkaufman@schoeman.com
E-mail: slarizza@schoeman.com

*Attorneys for Defendants*
*Sodexo, Inc., SDH Services West, LLC*
*and David Morales*